HARRIET (Case No. 6,094)

[11 Fed. Cas. page 584]

cited Abrahams v. Bunn, 4 Burrows, 2251; Smith v. Prager, 7 Term R. 60; Jordaine v. Lashbrooke, Id. 601; Lockart v. Graham, 1 Strange, 35.

Mr. Swann, for plaintiff, objected, because he swears to discharge himself; for if Harper recovers against Smith, Smith may recover upon motion against Douglas, with the costs of this action.

E. J. Lee, in reply, cited Peake, L. E. 93, 128, 129; Carter v. Pearce, 1 Term R. 163; and Bent v. Baker, 3 Term R. 27.

THE COURT (nem. con.) admitted Mr. Douglas to be sworn.

The plea was usury, and Mr. Swann, for plaintiff, contended that the contract as laid in the plea being that J. & D. Douglas should give their bond, and the bond on oyer being a bond signed "J. & D. Douglas," with only one seal, and the names subscribed by James Douglas only, the evidence did not support the plea. The usurious contract must be strictly proved. Carlisle v. Trears, Cowp. 671.

HARPER v. STEVENS. See Case No. 6,086.

## Case No. 6,093.

### HARPER v. WEST.

[1 Cranch, C. C. 192.][1]

Circuit Court, District of Columbia. Nov. Term, 1804.

BILL OF EXCHANGE—ACCEPTANCE—EXECUTOR DE SON TORT.

1. If the agent of the drawee of a bill write an order on the back of it to another person to pay it, this order is evidence of the drawee's acceptance of the original bill.

2. Evidence may be given to show that the defendant is executrix in her own wrong, without charging her as such.

Assumpsit, upon a bill drawn by Luke, on West, in favor of plaintiff, and accepted by West, by C. Stephenson, his agent. The evi-

dence was an order drawn by Luke, on West, and on the back of it, an order drawn by Stephenson, in behalf of West, on the treasurer of the theatre.

Mr. Jones, for defendant, objected, that this was not evidence of an acceptance by West.

But THE COURT overruled the objection, being of opinion that if Stephenson was the authorized agent of West, for that purpose, his indorsement, in the form in which it was written, amounted to an acceptance. Moor v. Withy, Esp. 42.

Mr. Jones, objected to the plaintiff's giving in evidence acts to prove the defendant to be executrix in her own wrong, contending that if he meant to rely upon such evidence, he ought to have stated it specially in his application.

But THE COURT (nem. con.) permitted the plaintiff to go into evidence of acts of interfering with the goods of the deceased, &c.

HARPER'S FERRY CASE. See Case No. 2,-013.

HARRELL (BEALL v.). See Case No. 7,-222.

HARRELL (JARRELL v.). See Case No. 7,-222.

HARRIES (UNITED STATES v.). See Case No. 15,309.

## Case No. 6,094.

### The HARRIET.

District Court, E. D. Pennsylvania. July 28, 1848.

SHIPPING—AVERAGE—PORT OF NECESSITY—MEASURE OF DAMAGES—AUTHORITY OF MASTER OVER CARGO—FREIGHT.

1. The expenses and charges of going to a port of necessity are properly the subject of general average only where the voyage has been or might have been resumed; not where it has been abandoned, from necessity.

[See Barnard v. Adams, 10 How. (51 U. S.) 270; Columbian Ins. Co. v. Ashby, 13 Pet. (38 U. S.) 331; Scudder v. Bradford, 14 Pick. 13; Delano v. The Gallatin, Case No. 3,751.]

2. The ordinary measure of damages for the breach of a contract of affreightment, where the goods have been unlawfully disposed of at an intermediate port, is their prime cost, with interest, and charges of shipment and transportation.

[See Jackson v. The Julia Smith, Case No. 7,-136.]

3. The master has no authority to sell the cargo in order to make repairs, unless he be clearly unable to procure funds on the credit of the ship, or to hypothecate the cargo.

4. Where a vessel has been captured, on her voyage, and condemned at an intermediate port, and part of the cargo has been restored and sold at the same port, no freight is due therefor.

[See Sampayo v. Salter, Case No. 12,277; The Nathaniel Hooper, Id. 10,032.]

[Decided by Kane, District Judge. Cited in 1 Brightly, Dig. 69, 239, 787, and 792, to the points as stated above. Nowhere more fully reported; opinion not now accessible.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]